IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC.,<br><br>    *Plaintiff*,<br>vs.<br><br>HTC CORP., HTC (B.V.I.) CORP., HTC AMERICA, INC., EXEDEA, INC., AND HTC AMERICA HOLDING, INC.<br><br>    *Defendants*. | Case No.<br><br>JURY TRIAL DEMANDED |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Apple Inc. ("Apple"), for its Complaint against HTC Corp. ("HTC Corp."), HTC (B.V.I.) Corp. ("HTC BVI"), HTC America, Inc. ("HTC America"), Exedea, Inc. ("Exedea"), and HTC America Holding, Inc. ("HTC Holding") (collectively, "Defendants"), hereby alleges as follows:

### The Parties

1. Plaintiff Apple is a corporation organized under the laws of the state of California with its principal place of business at 1 Infinite Loop, Cupertino, California 95014. Apple is a leading designer and manufacturer of personal computers, mobile communications devices, portable digital media players and software.

2. Upon information and belief, Defendant HTC Corp. is a corporation organized and existing under the laws of Taiwan with its principal place of business at 23 Xinghau Road, Taoyuan 330, Taiwan, Republic of China. Upon information and belief, Defendant HTC Corp. is engaged in the design, manufacture, importation into the United States, and sale after importation into the United States of portable electronic devices and related software.

3.      Upon information and belief, Defendant HTC Holding is a wholly-owned subsidiary of Defendant HTC and is incorporated under the laws of the state of Washington with its principal place of business at 13920 SE Eastgate Way, Suite 400, Bellevue, Washington 98005.  Upon information and belief, Defendant HTC Holding is engaged in activities on behalf of its parent, Defendant HTC Corp., and is the parent company Defendant HTC America.

4.      Upon information and belief, Defendant HTC America is a wholly-owned subsidiary of Defendant HTC Holding and is incorporated under the laws of the state of Washington, with its principal place of business at 13920 SE Eastgate Way, Suite 400, Bellevue, Washington 98005.  Upon information and belief, Defendant HTC America performs several services to support the importation and sale of portable electronic devices and related software made by or on behalf of HTC Corp. into and within the United States, including marketing, repair, and after-sale services of portable electronic devices.

5.      Upon information and belief, Defendant HTC BVI is a wholly-owned subsidiary of Defendant HTC Corp. and is incorporated under the laws of the British Virgin Islands with its principal place of business at 3F, Omar Hodge Building, Wickhams Cay I, P.O. Box 362, Road Town, Tortola, British Virgin Islands.  Upon information and belief, Defendant HTC BVI is engaged in activities on behalf of its parent, Defendant HTC Corp., and is the parent company of Defendant Exedea.

6.      Upon information and belief, Defendant Exedea is a wholly-owned subsidiary of Defendant HTC BVI and is incorporated under the laws of the state of Texas with its principal place of business at 5950 Corporate Drive, Houston, Texas 77036.  Upon information and belief, Defendant Exedea imports portable electronic devices made by or on behalf of HTC Corp. into

the United States and distributes and sells such portable electronic devices after their importation.

### Nature of the Action

7. This is an action brought by Apple against Defendants for Defendants' infringement of Apple's patents. Specifically, Apple seeks remedies for Defendants' infringement of Apple's U.S. Patent Nos. 7,844,915 (the "'915 patent"), 7,084,859 (the "'859 patent"), 7,920,129 (the "'129 patent") and 6,956,564 (the "'564 patent") (collectively, the "Asserted Patents").

### Jurisdiction and Venue

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States.

9. This Court has personal jurisdiction over the Defendants because the Defendants have established minimum contacts with the forum state of Delaware. Defendants, directly and/or through third-party manufactures, manufacture or assemble products that are and have been offered for sale, sold, purchased, and used within the state of Delaware. In addition, Defendants, directly and/or through their distribution networks, regularly place their products within the stream of commerce, with the knowledge and/or understanding that such products will be sold in Delaware. Thus, Defendants have purposefully availed themselves of the benefits of the state of Delaware and the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

10. Defendants transact business in the state of Delaware because, among other things, Defendants manufacture and distribute products that are offered for sale, sold, purchased, and used within the state of Delaware. Defendants have also committed tortious acts of patent

infringement in Delaware and are subject to personal jurisdiction in Delaware. Venue is thus proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c), (d) and 1400(b).

### The Patents in Suit

11. The Asserted Patents relate generally to hardware and software used in a variety of portable electronic devices, including but not limited to cellular phones, smartphones and tablet computers, together with software designed for use on and intended to be loaded onto, such devices.

12. Apple owns by assignment the entire right, title, and interest in and to the Asserted Patents, including the right to bring this suit for injunctive relief and damages.

13. All of the Asserted Patents are valid and enforceable.

14. Upon information and belief, Defendants have infringed and continue to infringe one or more claims of each of the Asserted Patents by engaging in acts that constitute infringement under 35 U.S.C. § 271, including but not necessarily limited to making, using, selling, and/or offering for sale, in Delaware and elsewhere in the United States, and/or importing into Delaware and elsewhere in the United States, certain portable electronic devices, including cellular phones, smartphones, tablet computers and other handheld devices, and software to be loaded onto and used on such devices and components of such devices (collectively, "the Accused Products").

### COUNT I - INFRINGEMENT OF U.S. PATENT NO. 7,844,915

15. Paragraphs 1 through 14 are incorporated by reference as if fully stated herein.

16. The '915 Patent, entitled "Application Programming Interfaces for Scrolling Operations" was duly and legally issued November 30, 2010 to inventors Andrew Platzer and

Scott Herz. The '915 patent issued from United States Patent Application No. 11/620,717 filed on January 7, 2007. A true and correct copy of the '915 Patent is attached hereto as Exhibit A.

17. Apple is the exclusive and current owner of all rights, title, and interest in the '915 Patent, including the right to bring this suit for injunctive relief and damages.

18. Defendants have infringed and are infringing the '915 Patent by making, using, selling, offering for sale, and/or importing, without authority, products and services that are covered by one or more claims of the '915 Patent, including but not limited to the Accused Products.

19. Defendants have contributed to and/or induced and will continue to contribute to and/or induce the infringement of the '915 Patent by others in this District and elsewhere in the United States, with the direct infringement being accomplished by end users of at least the Accused Products.

20. Apple has been and continues to be damaged by Defendants' infringement of the '915 Patent, in an amount to be determined at trial.

21. Apple has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendants' infringement of the '915 Patent is enjoined by this Court.

22. Defendants' infringement of the '915 Patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT II - INFRINGEMENT OF U.S. PATENT NO. 7,084,859

23. Paragraphs 1 through 22 are incorporated by reference as if fully stated herein.

24. The '859 Patent, entitled "Programmable Tactile Touch Screen Displays and Man-Machine Interfaces for Improved Vehicle Instrumentation and Telematics," was duly and

legally issued on August 1, 2006 to inventor Timothy Pryor. The '859 Patent issued from United States Patent Application No. 09/789,538 filed on February 22, 2001. A request for reexamination was filed on June 10, 2009. The '859 Patent emerged from reexamination on May 17, 2011. A true and correct copy of the '859 Patent is attached hereto as Exhibit B.

25. Apple is the exclusive and current owner of all rights, title, and interest in the '859 Patent, including the right to bring this suit for injunctive relief and damages.

26. Defendants have infringed and are infringing the '859 Patent by making, using, selling, offering for sale, and/or importing, without authority, products and services that are covered by one or more claims of the '859 Patent, including but not limited to the Accused Products.

27. Defendants have contributed to and/or induced and will continue to contribute to and/or induce the infringement of the '859 Patent by others in this District and elsewhere in the United States, with the direct infringement being accomplished by end users of at least the Accused Products.

28. Apple has been and continues to be damaged by Defendants' infringement of the '859 Patent, in an amount to be determined at trial.

29. Apple has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendants' infringement of the '859 Patent is enjoined by this Court.

30. Defendants' infringement of the '859 Patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

EAST\44957686.1

## COUNT III - INFRINGEMENT OF U.S. PATENT NO. 7,920,129

31. Paragraphs 1 through 30 are incorporated by reference as if fully stated herein.

32. The '129 Patent, entitled "Double-Sided Touch-Sensitive Panel With Shield And Drive Combined Layer," was duly and legally issued on April 5, 2011 to inventors Steve Porter Hotelling and Brian Richards Land. The '129 Patent issued from United States Patent Application No. 11/650,182 filed on January 3, 2007. A true and correct copy of the '129 Patent is attached hereto as Exhibit C.

33. Apple is the exclusive and current owner of all rights, title, and interest in the '129 Patent, including the right to bring this suit for injunctive relief and damages.

34. Defendants have infringed and are infringing the '129 Patent by making, using, selling, offering for sale, and/or importing, without authority, products and services that are covered by one or more claims of the '129 Patent, including but not limited to the Accused Products.

35. Defendants have contributed to and/or induced and will continue to contribute to and/or induce the infringement of the '129 Patent by others in this District and elsewhere in the United States, with the direct infringement being accomplished by end users of at least the Accused Products.

36. Apple has been and continues to be damaged by Defendants' infringement of the '129 Patent, in an amount to be determined at trial.

37. Apple has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendants' infringement of the '129 Patent is enjoined by this Court.

38.     Defendants' infringement of the '129 Patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT IV - INFRINGEMENT OF U.S. PATENT NO. 6,956,564

39.     Paragraphs 1 through 38 are incorporated by reference as if fully stated herein.

40.     The '564 Patent, entitled "Portable Computers," was duly and legally issued on October 18, 2005 to inventor Hilary Lyndsay Williams. The '564 Patent issued from United States Patent Application No. 09/171,921 filed on October 8, 1998. A true and correct copy of the '564 Patent is attached hereto as Exhibit D.

41.     Apple is the exclusive and current owner of all rights, title, and interest in the '564 Patent, including the right to bring this suit for injunctive relief and damages.

42.     Defendants have infringed and are infringing the '564 Patent by making, using, selling, offering for sale, and/or importing, without authority, products and services that are covered by one or more claims of the '564 Patent, including but not limited to the Accused Products.

43.     Defendants have contributed to and/or induced and will continue to contribute to and/or induce the infringement of the '564 Patent by others in this District and elsewhere in the United States, with the direct infringement being accomplished by end users of at least the Accused Products.

44.     Apple has been and continues to be damaged by Defendants' infringement of the '564 Patent, in an amount to be determined at trial.

45.     Apple has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendants' infringement of the '564 Patent is enjoined by this Court.

EAST\44957686.1

46. Defendants' infringement of the '564 Patent is exceptional and entitles Apple to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Apple prays for the following judgment and relief against Defendants:

(A) That Defendants have infringed each and every one of the Asserted Patents;

(B) That Defendants, their officers, agents, employees, and those persons in active concert or participation with any of them, and their successors and assigns, be permanently enjoined from infringement, inducement of infringement, and contributory infringement of each and every one of the Asserted Patents, including but not limited to an injunction against making, using, selling, and/or offering for sale within the United States, and/or importing into the United States, any products and/or services that infringe the Asserted Patents;

(C) That Apple be awarded all damages adequate to compensate it for Defendants' infringement of the Asserted Patents, such damages to be determined by a jury, and if necessary to adequately compensate Apple for the infringement, an accounting;

(D) That Apple be awarded treble damages and pre-judgment and post-judgment interest at the maximum rate allowed by law;

(E) That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Apple be awarded attorneys fees, costs, and expenses incurred in connection with this action;

(F) That Apple be awarded such other and further relief as this Court deems just and proper.

Dated: July 11, 2011							**DLA PIPER LLP (US)**

By: _____
Denise S. Kraft (D.E. No. 2778)
Aleine M. Porterfield (D.E. No. 5053)
919 North Market Street
Suite 1500
Wilmington, DE  19801-3046
Phone: 302.468.5700
Fax::   302.394.2341

*Attorneys for Plaintiff Apple Inc.*

EAST\44957686.1